IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR303-2 |
| v. | : | |
| RAHAIN ANTIONE DERIGGS, II | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, RAHAIN ANTIONE DERIGGS, II, in his own person and through his attorney, Sean M. Olson, and state as follows:

1. The defendant, RAHAIN ANTIONE DERIGGS, II, is presently under Indictment in case number 1:22CR303-2, which in Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of cocaine hydrochloride; which charges him in Count Two with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), distribution of 500 grams or more of cocaine hydrochloride; and which charges him in Count Three with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of firearms in furtherance of a drug trafficking crime.

2. The defendant, RAHAIN ANTIONE DERIGGS, II, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of

this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, RAHAIN ANTIONE DERIGGS, II, understands that as to Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than ten years, nor more than life, a fine not to exceed $10,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, RAHAIN ANTIONE DERIGGS, II, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

    b. The defendant, RAHAIN ANTIONE DERIGGS, II, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines.

2

Case 1:22-cr-00303-LCB   Document 29   Filed 03/07/23   Page 2 of 12

Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

   c. The defendant, RAHAIN ANTIONE DERIGGS, II, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, RAHAIN ANTIONE DERIGGS, II, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, RAHAIN ANTIONE DERIGGS, II, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, RAHAIN ANTIONE DERIGGS, II, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, RAHAIN ANTIONE DERIGGS, II, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, RAHAIN ANTIONE DERIGGS, II, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, RAHAIN ANTIONE DERIGGS, II. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is further understood that if the Court determines at the time of sentencing that the defendant, RAHAIN ANTIONE DERIGGS, II, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c. The defendant, RAHAIN ANTIONE DERIGGS, II, agrees that the substance involved in the offense alleged in Count One of the Indictment herein is 5 kilograms or more of cocaine hydrochloride.

d. The defendant, RAHAIN ANTIONE DERIGGS, II, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, RAHAIN ANTIONE DERIGGS, II, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

e. The defendant, RAHAIN ANTIONE DERIGGS, II, waives all rights, whether asserted directly or through a representative, to request or

receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, RAHAIN ANTIONE DERIGGS, II, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, RAHAIN ANTIONE DERIGGS, II, pleads guilty and later seeks to withdraw his guilty plea (or seeks to directly appeal or collaterally attack his conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

  g. The defendant, RAHAIN ANTIONE DERIGGS, II, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, RAHAIN ANTIONE DERIGGS, II, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a

6

Case 1:22-cr-00303-LCB   Document 29   Filed 03/07/23   Page 6 of 12

sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) based on a claim of ineffective assistance of counsel or prosecutorial conduct not known to the defendant at the time of his guilty plea.

    h.    In exchange for the government's agreement to dismiss the remaining counts, the defendant, RAHAIN ANTIONE DERIGGS, II, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, RAHAIN ANTIONE DERIGGS, II, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6.    With regard to forfeiture, the United States and the defendant, RAHAIN ANTIONE DERIGGS, II, agree as follows:

    a.    The defendant, RAHAIN ANTIONE DERIGGS, II, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense charged in Count One; and (2) any property used, or

7

intended to be used, in any manner or part, to commit, or to facilitate the commission of the alleged offense. The defendant specifically consents to forfeiture of $18,233 in United States currency, and acknowledges that this sum constitutes the amount of proceeds subject to forfeiture based on Count One to which the defendant is pleading guilty.

   b. If any of the property described above, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

   c. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past six years, or in which the defendant has or had during that time any financial interest.

d. The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer the defendant's interest in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

e. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedures 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

f. The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. The defendant further knowingly

9

and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

      g.    The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

      h.    The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7.    The defendant, RAHAIN ANTIONE DERIGGS, II, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon

10

judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, RAHAIN ANTIONE DERIGGS, II, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, RAHAIN ANTIONE DERIGGS, II, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, RAHAIN ANTIONE DERIGGS, II, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment

11

at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 6th day of March, 2023.

SANDRA J. HAIRSTON
United States Attorney

SEAN M. OLSON
Attorney for Defendant

RANDALL S. GALYON
NCSB #23119
First Assistant United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

RAHAIN ANTIONE DERIGGS, II
Defendant

STI

12