IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR303-2 |
| v. | : | |
| RAHAIN ANTOINE DERIGGS, II | : | |

**GOVERNMENT'S MOTION FOR ISSUANCE**
**OF A PRELIMINARY ORDER OF FORFEITURE**

NOW COMES Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully submits the United States' Motion for Issuance of a Preliminary Order of Forfeiture in the above-styled case. In support thereof, the United States sets forth the following:

1. On September 26, 2022, a federal grand jury sitting in the Middle District of North Carolina returned an Indictment against the defendant RAHAIN ANTOINE DERIGGS, II, in Count One charged the defendant with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of cocaine hydrochloride; in Count Two charged the defendant with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), distribution of 500 grams or more of cocaine hydrochloride; and in Count Three charged the defendant with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of firearms in furtherance of a drug trafficking crime.

2. Upon conviction of one or both of the offenses alleged in Counts One and Two, the Indictment sought the forfeiture of any property constituting, or was derived from proceeds obtained, directly or indirectly from, or used, or intended to be used to commit, or to facilitate the commission of the offenses of conviction, including, but not limited to, a money judgment in an amount equal to the total amount subject to forfeiture as a result of the offense of which the defendant is convicted.

3. Upon conviction of the offense alleged in Count Three, the Indictment sought the forfeiture of all right, title and interest in and to any firearms or ammunition involved in or used in the commission of the offense.

4. The property subject to forfeiture may include, but is not limited to, the following:

    a. $18,233 in United States Currency.

5. On March 10, 2023, the defendant RAHAIN ANTOINE DERIGGS, II, pled guilty to Count One of the Indictment and the court set a sentencing date of September 14, 2023.

6. The defendant, RAHAIN ANTIONE DERIGGS, II, in the Plea Agreement, knowingly and voluntarily consented and agreed to forfeit to the United States all right, title, and interest in and to the property described in paragraph 2, above.

7. The defendant acknowledged that the defendant's interest in the foregoing property is subject to forfeiture based on the offense to which the defendant pled guilty. The defendant consented to the entry of an order of forfeiture for such property and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledged that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

8. Rule 32.2(b), Federal Rules of Criminal Procedure, provides, in relevant part:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture

is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture, setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . .

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

(b)(4)(A) At sentencing-or at any time before sentencing if the defendant consents-the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

9. Based upon the Plea Agreement and other matters of record, the United States has established that the property sought in the Indictment is subject to forfeiture, and that the requisite nexus exists between the property

to be forfeited and the offense to which the defendant has pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

10. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States will publish notice of this Order and of its intent to dispose of the property described in paragraph 2 in such manner as the Attorney General may direct, and will take such other steps as are necessary to comply with statutes governing third party rights.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the interest of RAHAIN ANTIONE DERIGGS, II, in the property set forth above.

This the 10th day of August, 2023.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/s/ Randall S. Galyon
Randall S. Galyon
Assistant United States Attorney
NCSB #23119
101 S. Edgeworth Street
Greensboro, NC  27401
Phone: (336)333-5351

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR303-2 |
| | : | |
| v. | : | |
| | : | |
| RAHAIN ANTOINE DERIGGS, II, | : | |

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, the foregoing Government's Amended Motion for Issuance of a Preliminary Order of Forfeiture was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Sean M. Olson, and I hereby certify that the document was mailed to the following non-CM/ECF participants: None.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/s/ Randall S. Galyon
Randall S. Galyon
Assistant United States Attorney
NCSB #23119
101 S. Edgeworth Street
Greensboro, NC 27401
Phone: (336)333-5351